UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration Between:         :    Docket No. 07 CV 7514 (WHP)

GLOBAL REINSURANCE CORP. OF AMERICA,
f/k/a GERLING GLOBAL REINSURANCE CORP.
OF AMERICA, f/k/a CONSTITUTION
REINSURANCE CORPORATION,

         Petitioner,

  -against-

ARGONAUT INSURANCE COMPANY,
         Respondent.

---

### SUR-REPLY BRIEF OF PETITIONER GLOBAL REINSURANCE CORP. OF AMERICA, f/k/a GERLING GLOBAL REINSURANCE CORP. OF AMERICA, f/k/a CONSTITUTION REINSURANCE CORPORATION IN FURTHER OPPOSITION TO RESPONDENT'S COUNTER-PETITION

---

Budd Larner, P.C.
140 Broadway, Suite 4621
New York, New York 10005
(212) 858-7700
  -and-
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800

Attorneys for Petitioner GLOBAL
Reinsurance Corporation of America

On the Brief

Joseph J. Schiavone, Esq.
Jeffrey S. Leonard, Esq.
Virginia A. Pallotto, Esq.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

    I.    ARGONAUT'S CITATIONS ARE MISPLACED ................................................ 1

    II.    ARGONAUT'S CRITICISM OF CONSTITUTION IS UNFOUNDED ................ 3

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**PAGE**

## CASES

C & D Technologies, Inc. v. International Assoc. of Heat and Frost Insulators & Asbestos Workers, Hazardous Materials Workers, Local 201, 303 F.Supp.2d 468, 469 (S.D.N.Y.2003) ............................................................................................................... 1, 2

Overseas Union Ins., Ltd. v. Home and Overseas Ins. Co., Ltd., LEXSEE 4 SLR 104 (Singapore High Court, May 20, 2002) ................................................................................ 4

Porzig v. Dresdner, Klienwort, Benson, North America, LLC, et al, 497 F.3d 133 (2d Cir. 2007) .................................................................................................................. 2, 3

## PRELIMINARY STATEMENT

Argonaut's Reply Brief is geared toward skewing the facts and law rather than addressing the fatal deficiencies in its counter-petition to vacate a portion of the arbitration Award relating to four commutation-related claims. Argonaut accuses Petitioner Global Reinsurance Corp. of America ("Constitution") of misstating the facts, but Constitution quoted from the discovery and record before the Panel in order to put the arbitration in context for the Court.

Argonaut's Reply also cited to new cases in an effort to convince this Court that the Panel exceeded its authority by manifestly disregarding the law. However, those new cases, like the others it previously cited to, provide no support for Argonaut's arguments.

## ARGUMENT

### I. ARGONAUT'S CITATIONS ARE MISPLACED

In an effort to convince the Court that this Panel somehow "exceeded its powers" by manifestly disregarding the law, Argonaut cites in its Reply for the first time to two cases, the first of which is C & D Technologies, Inc. v. International Assoc. of Heat and Frost Insulators & Asbestos Workers, Hazardous Materials Workers, Local 201, 303 F.Supp.2d 468, 469 (S.D.N.Y.2003). However, the C & D Technologies case actually supports Constitution. In confirming the award, the court found that the arbitrator in a labor dispute did not exceed her powers under the collective bargaining agreement (CBA), nor ignore the law when she found that the CBA was ambiguous and interpreted it using standard contract interpretation principles. In C & D Technologies, the employer, who moved to vacate and lost, had argued that the arbitrator had both exceeded her powers and manifestly disregarded the law. In upholding the award, the court found that the inquiry under a Section 10(a)(4) challenge of the FAA, "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided the issue." Id. at 469, citing Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 220 (2d Cir. 2002). Quoting from

United States Paperworks Int'l Union v. Misco, Inc., 484 U.S.29, 37-38 (1987), the court emphasized that it is the arbitrator's view of the contract that matters:

> [I]t is the arbitrator's view of the facts and of the meaning of the contract that [the parties] have agreed to accept ... and, "... as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."

C & D Technologies, 303 F.2d at 471.

Here, Argonaut does not dispute that the parties asked the Panel to decide whether the four commutation-related claims were covered under the Treaties. As Constitution set forth in its October 22, 2007 Opposition Brief, the Panel's Award properly interpreted the Treaties and found that these claims were indeed covered. Argonaut's attempt, under the guise of the manifest disregard standard, to substitute its party-appointed arbitrator's dissent for that of the majority Panel's Award is not supported by C & D Technologies.

Next, Argonaut's Reply Brief places heavy reliance on Porzig v. Dresdner, Klienwort, Benson, North America, LLC, 497 F.3d 133 (2d Cir. 2007), for the proposition that somehow this Panel exceeded its powers by manifestly disregarding the law. However, Porzig is clearly one of those "rare" cases that, in vacating the attorneys' fee portion of the award ("modified award") for a second time, found that the panel had manifestly disregarded the *mandatory* statutory provision for awarding reasonable attorneys' fees under the ADEA, 29 U.S.C. §626(b), incorporating 29 U.S.C. §216(b). The court acknowledged that it was the "perfect storm" of numerous factors that "cloud[ed] the presumption of validity" of the modified award, <u>none of which is present in this case</u>, that caused it to find that the modified award was rendered partially in violation of the enabling statute and partially in manifest disregard of the law, requiring that it be vacated. Id. at 139-40. Those factors included that the same panel on remand (after the court had vacated the earlier fee award) had acted without authority as it had no jurisdiction over the attorney, nor the issue of the attorney – client fee arrangement.

Here, Argonaut improperly attempts to elevate *its own party-appointed arbitrator's dissent* to the status of a federal court decision by suggesting that the majority Panel somehow failed to explain its reasoning, or its "analytical methodology," and that this court should somehow take that into account. Not only is Argonaut misplaced in elevating its own party-appointed arbitrator's dissent to that of a federal court decision, but as discussed in Constitution's Opposition Brief, the majority Panel did, in fact, explain in detail its reasoning for why it found that these four commutation claims were recoverable.

Argonaut's reliance on Porzig is also distinguishable from the present arbitration Award in that:

1. This Panel was guided by the contract terms that relieved it from following the strict rules of law and it was required to interpret the Treaties as honorable engagements. It had no mandatory statute and court-order as in Porzig.

2. Constitution did not, as suggested by Argonaut, misrepresent the law to the Panel – if anyone attempted to do so, it was Argonaut that repeatedly argued that the Treaties had condition precedent language with respect to notice that required no showing of prejudice, when, as previously stated by Constitution, prejudice needed to be proven by Argonaut and it failed to do so before the Panel. Now, Argonaut is backing away from its staunch position by stating that there is "a split" in authority with respect to notice (Argonaut's Reply Brief, p.5); however – the majority view, and the one followed in New York where Constitution is located, is that prejudice must be shown. See Constitution's Opposition Brief, p. 14-15.

3. Importantly, Argonaut's admission that there is in its view, "a split in the case law" regarding late notice is fatal to its argument that the Panel ignored key contract terms (such as notice and right to association) and manifestly disregarded the law. The "split" in the cse law is hardly even, as the majority view is that prejudice must be shown. In order for Argonaut to meet its burden of proof, it must show, but has not, that the Panel "willfully flaunted" the "well-defined, explicit, and clearly applicable law." See Constitution's Opposition Brief, p. 10-13. The law cannot be "well-defined, explicit, and clearly applicable" when there is a "split" in the case law.

Argonaut's attempt to extrapolate the unique facts in Porzig to this case is misplaced.

## II. ARGONAUT'S CRITICISM OF CONSTITUTION IS UNFOUNDED

Argonaut incorrectly states that Constitution agreed that the Panel used the follow the fortunes clauses to "create" coverage where none existed. Argonaut's Reply, p. 4. On the contrary, Constitution stated: "However, the Panel properly applied the follow the fortunes clauses in the

3

Treaties and rejected Argonaut's efforts to second-guess the amount of the commutation or the allocation of the commutation. The Panel did not use the follow the fortunes clause to create coverage where done existed as argued by Argonaut. No where is that found in the Award." Constitution's Opposition Brief, p. 22-23. Constitution then went on to explain how the Panel properly used the follow the fortunes clauses and doctrine to reject Argonaut's "sniping". Id. at p. 23-24.

Argonaut in its Reply also acknowledges that there is no governing "well-defined, explicit and clearly applicable" law with respect to commutation claims. It criticizes Constitution for its "pre-emptive" citation to Overseas Union Ins., Ltd. v. Home and Overseas Ins. Co., Ltd., LEXSEE 4 SLR 104 (Singapore High Court, May 20, 2002), yet, Argonaut had attached its pre-hearing reply brief before the Panel that had cited to the case. Argonaut admits that the Overseas Union case, from Singapore, is not controlling here by stating that Constitution somehow "misconstrued Argonaut's argument – which is that the panel manifestly disregarded the law pertaining to the follow the fortunes doctrine." Argonaut's Reply, p. 9. Argonaut's attempt to hang its hat on the cases with respect to follow the fortunes also fails. Those cases cannot be considered "well-defined, explicit, and clearly applicable" with respect to commutations, nor did the Panel misinterpret the cases to find coverage where none existed as argued by Argonaut.

Argonaut is not only attempting to get a second bite of the apple here, but it also attached to its court papers a complaint that was not presented to the Panel. Ironically, the complaint, filed by Global's affiliate against Equitas, Ltd., et al, ("Equitas Complaint") indicates that Global's other retrocessionaires paid for the Home commutation claims that Argonaut argues are not covered by the Treaties. The definition of commutation in the Equitas Complaint emphasized future claims because Global sought to distinguish the pre-commutation balances that the other retrocessionaires still owed to Global. The Home commutation settlement agreement was comprehensive and included a release of all past, present and future claims. See attached Declaration of V. Pallotto, at Exh. B.

4

Argonaut also attaches the deposition testimony of Barry Keogh from another arbitration, as opposed to his hearing testimony before the Panel as claimed by Argonaut. His hearing (and deposition) testimony was that by year end 2002, Global had cleared up the Home balances. See Militec Decl., Exh. 5 at T192:8-193:19) (previously submitted October 22, 2007). However, the Home commutation was not entered into until April of 2003, and the claims continued to accrue from the Home.

Argonaut also alleges that Constitution misstated the scope of document production, duration of discovery and other facts to the Court. Constitution correctly cited to the background and facts in this arbitration to give context to the Court. Argonaut quibbles with whether it had 9 months or "close to a year" of discovery or whether the parties designated or produced over 70,000 pages or approximately 100,000 pages of discovery, or whether the Panel deliberated for "over four months" meant every minute of that time period (it did not and no reasonable person would misconstrue it that way). Argonaut's arguments are wrong. See attached Declaration at ¶2, 3. More importantly, what Argonaut misses, and what it does not quibble with, is that the parties had a full and fair opportunity to present their cases and that the Panel did not rush to a snap judgment.

## CONCLUSION

Constitution requests that its Petition to Confirm the Arbitration Award be granted in its entirety and that Argonaut's Counter-Petition to Vacate be denied.

Dated:  January 7, 2008
        Short Hills, New Jersey

>                        BUDD LARNER, P.C.
>                        Attorneys for Petitioner GLOBAL
>                          Reinsurance Corporation of America
>
>                        BY: _____
>                            Joseph J. Schiavone (JS 7303)
>                            Jeffrey S. Leonard (JL 5931)
>                            Virginia A. Pallotto (admitted Pro Hac Vice)

659621w

5