UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ :
In the Matter of the Arbitration Between: : Docket No. 07-CV-7514
: (WHP)
GLOBAL REINSURANCE CORP. OF AMERICA, f/k/a :
GERLING GLOBAL REINSURANCE CORP. OF :
AMERICA, f/k/a CONSTITUTION REINSURANCE :
CORPORATION, : **DECLARATION OF**
: **VIRGINIA A. PALLOTTO**
                       Petitioner, :
:
   -against- :
:
ARGONAUT INSURANCE COMPANY, :
                       Respondent. :
------------------------------------------------------------------ :

     I, VIRGINA A. PALLOTTO, declare the following to be true under penalty of perjury and pursuant to 28 U.S.C. § 1746:

     1.    I am an attorney admitted in this matter pro hac vice and am a shareholder in the law firm of Budd Larner, P.C., attorneys for Petitioner GLOBAL Reinsurance Corp. of America, f/k/a Gerling Global Reinsurance Corp. of America, f/k/a Constitution Reinsurance Corporation ("Constitution"). I submit this Declaration to set before the Court certain facts in further opposition to the Counter-Petition to Vacate portions of the Final Award filed by Respondent Argonaut Insurance Company ("Argonaut").

     2.    Argonaut incorrectly asserts than "fewer than 70,000 pages were involved in this arbitration." See Declaration of Theresa Hajost dated November 5, 2007 ("Hajost Declaration") at p. 2-3. Argonaut has failed to include in its calculation a production of more than 22,000 pages (Bates Range: GL ARG 003772-026333) produced in this action on October 30, 2006. Originally, these documents were produced on disk with only the disk Bates-stamped as GL ARG 003772, without Bates-stamping the individual pages, but at Argonaut's insistence,

Constitution later produced a new disk with the individual pages each Bates-stamped that totaled some 22,561 pages. See Exhibit A hereto, true and correct copy of our letter to Argonaut's counsel dated October 30, 2006. Additionally, CD disks containing extensive spreadsheets were designated in this arbitration by Constitution but not counted by Argonaut in its tally of "fewer than 70,000 pages." Although, only the disks themselves were bates stamped (GL AIG HOME 034351-034354), the documents and spreadsheets on those disks if they were printed out in hard copy are estimated to be approximately 40,000 pages. Therefore, the total documents produced or designated for use in the underlying arbitration is "over 100,000 pages."

3. Argonaut also takes issue with our statement that discovery lasted close to a year as opposed to some 9 months. However, although discovery did not formally begin in this arbitration until document requests were sent on May 24, 2006, Global had already begun exchanging documents in the XOL arbitration matter as early as January 6, 2006, some four and a half months earlier, knowing full well that some of those same documents would also be designated for production and used in this arbitration, which they were.

4. Argonaut also incorrectly states that it was attaching the excerpts of the hearing testimony of Barry Keogh [Hajost Declaration, ¶ 13, Exh.12]; although it actually attached excerpts of his *deposition* testimony in the *XOL* arbitration. Further, although the balances to Home were cleared up towards the year-end 2002, additional claims from Home continued to accrue to Global and CRC until the commutation was completed in April 2003. The commutation resolved "all past, present and future claims." A redacted copy of the commutation agreement showing the applicable release provisions is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2008.

_____
Virginia A. Pallotto

659755.W